1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    NYLES LAWAYNE WATSON,

11           Plaintiff,                    No. CIV S-02-1777 DFL PAN P

12       vs.

13    STATE OF CALIFORNIA, et al.,

14           Defendants.            FINDINGS & RECOMMENDATIONS

15    _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  On September 6, 2005, plaintiff filed a motion for injunctive relief.[1]  Plaintiff

18    seeks an order requiring prison officials to provide him with additional access to the prison law

19    library.  On September 7, 2005, defendants filed an opposition to the motion.

20           The legal principles applicable to a request for injunctive relief are well

21    established.  To prevail, the moving party must show either a likelihood of success on the merits

22    and the possibility of irreparable injury, or that serious questions are raised and the balance of

23    hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

24    F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

25    _____

26           [1] Plaintiff's motion is styled a motion for preliminary and/or permanent injunction and
      for temporary restraining order and/or declaratory judgment.

                                              1

1   1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

2   point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

3   any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

4   irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

5   court need not reach the issue of likelihood of success on the merits.  Id.

6          In cases brought by prisoners involving conditions of confinement, any

7   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

8   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

9   correct the harm."  18 U.S.C. § 3626(a)(2).

10          Plaintiff's motion implicates his constitutional right to access the courts.  In Lewis

11   v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a

12   constitutionally protected right to access the courts to bring civil rights actions to challenge their

13   conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey,

14   518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but

15   rather the conferral of a capability -- the capability of bringing contemplated challenges to

16   sentences or conditions of confinement before the courts."  Id. at 356.  To obtain injunctive

17   relief, plaintiff must show, at a minimum, that the alleged limitations on his access to the prison

18   law library will prevent him from bringing, or caused him to lose, an actionable claim of this

19   type. Id.

20          The record before this court shows that plaintiff has been able to respond timely to

21   court orders filed herein as well as to defendants' subsequently filed motion for summary

22   judgment.  Plaintiff has made no showing that the alleged limits on his access to the prison law

23   library threaten in any cognizable way his ability to litigate this action.  This court finds that

24   plaintiff has not shown a significant threat of irreparable injury to his constitutional right to

25   access the courts.

26   /////

1    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's September 6,

2  2005 motion for injunctive relief be denied.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

8  failure to file objections within the specified time may waive the right to appeal the District

9  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: June 15, 2006.

12  UNITED STATES MAGISTRATE JUDGE

14  12

15  wats1777.pi

3